IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:                                                          Case No.

AERO MECHANICAL INDUSTRIES, INC.
a New Mexico corporation,

    Debtor.

**INTERIM ORDER AUTHORIZING DEBTOR IN POSSESSION
TO OBTAIN CREDIT, INCUR INDEBTEDNESS AND GRANT LIENS
AND SUPERPRIORITY; AND ESTABLISHING FINAL HEARING DATE THEREON**

    Pursuant to that Motion for Interim Order and Final Order Authorizing Debtor in Possession to Obtain Credit, Incur Indebtedness and Grant Liens and Superpriority ("Motion") filed by Aero Mechanical Industries, Inc. ("AMI"), Debtor and Debtor-in-Possession ("Debtor"), and having considered the pleadings and papers on file and the representations and counsel; the Court FINDS that it has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title II of the United States Code ("Bankruptcy Code"); that notice was given to the Debtor's twenty largest unsecured creditors, the Office of the United States Trustee, the landlords of premises leased by the Debtor in Florida and New Mexico ("Landlords"), the Internal Revenue Service, state and local taxing authorities in New Mexico and Florida, the United States Attorney for the District of New Mexico, and such other persons as directed by the Court; that notice of the Motion and opportunity for hearing thereon were adequate and appropriate in the circumstances of the case; that without obtaining financing the Debtor will not have sufficient cash or unencumbered liquid assets available to it to operate its business as presently conducted and that such operation is in the best interest of the Debtor and its creditors; that the preservation and maintenance of the Debtor's assets, including its FAA Part 145 Air Agency and Repair Station

certification, is critical to maximizing the value of those assets; that such financing is therefore necessary to avoid immediate and irreparable harm to the estate of the Debtor; that the Debtor is unable to obtain unsecured credit allowable under Bankruptcy Code Section 503 as an administrative expense and is only able to obtain credit by granting a lender the priority and liens authorized by Bankruptcy Code Section 364, as set forth herein; that AerSale and the Debtor have conducted good faith negotiations for the extension of credit on the terms and conditions described herein and such negotiations were at arm's length; that such terms and conditions are fair and reasonable; that in making decisions to make Advances to or issue Letters of Credit for the Debtor under the financing or to collect such Obligations, AerSale shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, as amended, or any similar Federal or state statute); that the financing to be provided by AerSale is in the best interests of the Debtor and its creditors; that the financing on terms substantially similar to those set forth in Exhibit "A" to the Motion ("Loan Agreement") shall be deemed to have been extended in good faith and, accordingly, to be entitled to the benefits of Bankruptcy Code Section 364(e); and good cause appearing therefore,

   **IT IS HEREBY ORDERED THAT:**

   1. The Debtor is authorized to enter into, deliver and perform under a Debtor in Possession Revolving Credit Agreement (the "Loan Agreement") with AerSale as Lender, and to enter into, deliver and perform under such other agreements as are required or contemplated thereby (the "Loan Documents"), including a Note and a Security Agreement, in substantially the forms of Exhibits "A," "B," and "C" attached to the Motion, and to take all actions necessary

to perform under the Loan Documents.  Unless otherwise specified, capitalized terms used herein shall be used as defined in the Loan Agreement.

2. Without limiting the generality of the foregoing, the Debtor is hereby specifically authorized to request and receive Advances not to exceed an aggregate amount of One Million Dollars ($1,000,000.00) on an interim basis in accordance with the terms and conditions set forth in the Loan Agreement and the exhibits attached thereto, and this Interim Order, and the Debtor is further authorized to grant security interests and liens to AerSale in consideration of the Advances and credit so authorized, as set forth herein.

3. As part of the foregoing, Debtor is authorized to request that AerSale loan Debtor the sum of $500,000, which is to be paid to BB&T to procure a full release or assignment to AerSale of BB&T's security interest in any of Debtor's property.

4. The automatic stay of Bankruptcy Code Section 362 is hereby vacated and modified to the extent necessary (i) to permit the Debtor to create, and AerSale to perfect, any and all liens and security interests granted hereunder and under the Loan Documents; (ii) to permit AerSale to exercise any of its rights and remedies under the Loan Documents or applicable law upon the occurrence of an Event of Default under the Loan Agreement; and (iii) to take any and all other actions authorized or required by the Loan Documents and this Interim Order.

5. As security for the repayment in full of the Loan and all other obligations of the Debtor owing to AerSale under the Loan Documents (the "Obligations"), AerSale is hereby granted a first priority lien in accordance with Bankruptcy Code Section 364(c), in all of the Debtor's real and personal property, including, without limitation, all of the Debtor's Accounts, Inventory, Equipment, General Intangibles, documents, instruments, chattel paper, cash, deposit

3

Case 15-10936-j11    Doc 7-5    Filed 04/10/15    Entered 04/10/15 14:28:53 Page 3 of 8

accounts (including, without limitation, any deposit account maintained by the Debtor for the purpose of segregating proceeds of receivables collections), any right to recover and any interest in property that is recovered under Sections 329, 363, 543, 550, 553 or 723 of the Bankruptcy Code and any right to avoid any transfer of or lien upon property and any interest in property preserved for the benefit of or ordered transferred to the Debtor's estate under Section 510(c) or 551 of the Bankruptcy Code, whether now owned or hereafter acquired, and any proceeds of the foregoing (the "Collateral"). All such security interests and liens (collectively, the "Liens") shall at all times have priority over and be senior to all other liens and security interests granted by the Debtor or arising by operation of law, except for valid and perfected liens and security interests existing as of the date the Debtor filed for relief under Chapter 11 of the Bankruptcy Code.

6. All Liens granted or to be granted to AerSale to secure payment of the Obligations pursuant to the Loan Documents and paragraph 4 hereof are deemed perfected at the time of such grant, and no further notice, filing, or order shall be required to effect such perfection; provided, however, that AerSale may, in its sole discretion, file or record, or cause the Debtor to file or record, at the Debtor's expense, such financing statements, notices of liens and security interests and other documents or instruments as AerSale may require, and the Debtor is hereby directed to cooperate and comply with such requests.

7. In addition to being secured as provided herein, the Obligations shall have, pursuant to Bankruptcy Code Section 364, priority over any and all administrative expenses of the kind specified in Bankruptcy Code Sections 503, and 507, and shall also have priority over any claims arising under Section 506. The priority of the Obligations as described herein shall continue notwithstanding the appointment of a trustee or the conversion of this case to a case under Chapter 7.

4

Case 15-10936-j11    Doc 7-5    Filed 04/10/15    Entered 04/10/15 14:28:53 Page 4 of 8

8. The signature of any senior officer of the Debtor or any other persons designated by the Debtor, whether by letter to AerSale or appearing upon any one or more of the aforesaid instruments or documents, shall bind the Debtor.

9. The Obligations shall become due and payable in full, and any obligation of AerSale to extend Advances shall terminate, as provided in the Loan Agreement.

10. The provisions of the Loan Documents and this Order shall be binding upon and inure to the benefit of the Debtor and AerSale and their respective successors and assigns, including any trustee hereafter appointed or elected as a representative of the estate in this Chapter 11 case or in any subsequent Chapter 7 case.

11. No order dismissing the case of the Debtor under Code §1112 shall be entered unless prior to the entry thereof, the Obligations owing to AerSale shall have been paid in full. If any or all of the provisions of this Order or the Loan Documents are hereafter modified, vacated, or stayed by subsequent order of this Court or any other Court, such stay, modification, or vacation shall not affect (i) the validity of any Obligations owed to AerSale incurred prior to the effective date of such stay, modification, or vacation; or (ii) the validity, enforceability or priority of any lien or security interest, or the priority of the Obligations specified hereunder; notwithstanding such stay, modification, or vacation, any obligation of the Debtor pursuant to this Order or the Loan Documents arising prior to the effective date of such stay, modification, or vacation, shall be governed in all respects by the original provisions of this Order and the Loan Agreement, as the case may be. AerSale shall be entitled to all of its rights, privileges, and benefits hereunder and thereunder including, without limitation, the Liens, priorities, and remedies granted herein to or for the benefit of AerSale with respect to all such Obligations.

12. The Debtor shall not apply to this Court for any order authorizing the obtaining of credit or the incurring of indebtedness secured by a lien or security interest that is equal to or prior to any one or more Liens heretofore, hereby, or hereafter granted to AerSale, or entitled to priority administrative status that is equal or superior to that granted AerSale herein, unless (a) AerSale shall have consented in writing thereto, or (b) such other order requires that the Obligations owed to AerSale shall first be paid in cash in full.

13. The Debtor shall not assert any rights under Bankruptcy Code Section 506(c) with respect to the Collateral granted or to be granted hereunder or under the Loan Agreement, the Security Agreement, or any other Loan Document.

14. Pursuant to Bankruptcy Rule 4001(c), this Order is an interim order only, and authorizes only the extension of credit in the aggregate amount of One Million Dollars ($1,000,000); provided, however that any subsequent order shall not affect the rights, interests, priorities, liens and security interests granted herein, except to the extent set forth in this Order; and provided, further, that the issuance of this Order shall be without prejudice to Debtor seeking further Interim Orders and a Final Order.

15. Any party in interest objecting to the relief sought in the Final Hearing shall serve and file with this Court written objections; which objection shall be served on the attorneys for the Debtor and AerSale such that it will be received by them at least five days prior to the date of the hearing as follows:

> AerSale, Inc.
> c/o Paul J. Cummiskey
> Chief Legal Officer
> 121 Alhambra Plaza, Suite 1700
> Coral Gables, FL 33134
> Telephone: 305.764.3245
> E-mail: paul.cummiskey@aersale.com

        with copies to

        Douglas R. Vadnais, Esq.
        Modrall, Sperling, Roehl, Harris & Sisk, P.A.
        PO Box 2168
        Albuquerque, NM  87103-2168
        Telephone:  505.848.1800
        Fax:  505.449.2027
        E-mail:  drv@modrall.com

        and to

        Debtor and/or Debtor's Counsel

16. The hearing on final approval of the Motion shall be held before The Honorable _____ on _____, 2015, at _____ ___.m. at the United States Bankruptcy Courthouse, Dennis Chavez Federal Building, 500 Gold Ave. SW, 10th Floor, Albuquerque, New Mexico.  Debtor shall promptly mail a copy of this Order to the Debtor's twenty largest unsecured creditors, the Landlords, the Internal Revenue Service, state and local taxing authorities in New Mexico and Florida, and the United States Attorney for the District of New Mexico.

        THE HONORABLE _____

APPROVED BY:

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.


By:                                
Douglas R. Vadnais
*Attorneys for AerSale, Inc.*
PO Box 2168
Albuquerque, NM 87103-2168
Telephone: 505.848.1800
drv@modrall.com



MOORE, BERKSON, BASSAN & BEHLES, P.C.


By:                                
George M. Moore
*Attorney for Debtor*
3800 Osuna Rd. NE, Suite 2
Albuquerque, NM 87109
Telephone: 505.242.1218
mbglaw@swcp.com

*Y:\dox\client\86521\0002\DRAFTS\W2423032.DOCX*